AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| CARDS AGAINST HUMANITY, LLC | )) | **13-MC-110** |
| *Plaintiff* | )) | |
| v. | )) | Civil Action No. CV 13-0727 YGR |
| LOFTEK TECHNOLOGICAL CO., LLC; KRATONIX, INC.; LOFTKEY TECHNOLOGICAL CO., LLC; YANG SHAO; AND TROY JAMES NOWAK | | (If the action is pending in another district, state where: Northern District of California ) |
| *Defendant* | | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
    Amazon.com, Inc., 1200 12th Ave., South, Suite 1200, Seattle, Washington 98144-2734  Telephone: 206-266-1000

    ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
**SEE ATTACHMENT**

| Place: Pacific Docu-Scan 2520 Stanwell Drive, Suite 128 Concord, California 94520 | Date and Time: August 9, 2013 10:00 a.m. |
|---|---|

    ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: **7/11/13**

CERTIFIED TRUE COPY
ATTEST: WILLIAM M. McCOOL
Clerk, U.S. District Court
Western District of Washington

By _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

                       Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff
_____, who issues or requests this subpoena, are:



## ATTACHMENT

## DEFINITIONS

The following definitions shall apply to these inspection demands:

1.      "YOU" or "YOUR" shall mean Amazon.com, Inc., and its corporate affiliates, subsidiaries, departments, divisions, agencies, predecessors, successors, including but not limited to, Amazon.com, Amazon.ca, Amazon.cn, Amazon.fr, Amazon.de, Amazon.it, Amazon.co.jp, and Amazon.co.uk, and employees, including but not limited to, its agents, representatives, and independent contractors.

2.      "DOCUMENTS" shall mean handwritten, typewritten, printed, photocopies, photographed, tape-recorded, videotaped, filmed materials, and any form of communication or representation including letters, words, pictures, sounds or symbols or combinations thereof recorded by any means upon any tangible item, whether draft or original, complete or partial, or contained on paper or computer memory, but not limited to correspondence, reports, records, memoranda, notes, emails, texts, computerized information, graphs, charts, data compilations, lists, contracts, agreements, calendars, diaries, personnel files, canceled checks and the like including those WRITINGS as defined by Rule 1001 of the Federal Rules of Evidence, generated by computer, stored on computer, computer disks or both.

3.      "ALL DOCUMENTS" means every document known to YOU and every document that can be located or discovered by reasonably diligent efforts on YOUR part.

4.      "COMMUNICATION" or "COMMUNICATIONS" means the transmission or transfer of any kind, orally, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever, including without limitation, telephone conversations, letters, memoranda, notes, summaries, telexes, photographs, motion pictures, audio tapes, video tapes, computer telecommunications, electronic or magnetic media, electronic mail, or other materials or memorials of communication, meetings or any occasion of joint or mutual presence, as well as the transfer of any document from one person to another.

7/9/13 (28961) #521638.2

5.      "RELATE TO" or "RELATING TO" shall mean any and all DOCUMENTS or COMMUNICATIONS that refer to, reflect, discuss, show, evidence, constitute or are in any way logically or effectually connected with the matter set forth in the demands.

6.      "AMAZON" shall mean YOUR online retail website, including but not limited to, YOUR separate retail websites, Amazon.com, Amazon.ca, Amazon.cn, Amazon.fr, Amazon.de, Amazon.it, Amazon.co.jp, and Amazon.co.uk.

7.      "CAH" shall mean Cards Against Humanity, LLC, a Delaware corporation with its principal place of business located in Harrisburg, Pennsylvania.

8.      "CAH-BRANDED GOOD" or "CAH-BRANDED GOODS" shall mean products sold on AMAZON and branded "Cards Against Humanity" including but not limited to, the following card sets: (1) "Cards Against Humanity"; (2) "Cards Against Humanity: First Expansion"; (3) "Cards Against Humanity: Second Expansion"; (4) "Cards Against Humanity, version 1.1"; (5) "Cards Against Humanity, version 1.2"; and (6) "Cards Against Humanity, version 1.3" (which are associated with the some or all following Amazon Standard Identification Numbers ("ASIN"): B004S8F7QM (SKU: NX-QZCC-TNWT), B005JFNE8G, and B008JNPBYK.

9.      "CAH-BRANDED GOODS SELLER" or "CAH-BRANDED GOODS SELLERS" shall mean any of the following sellers on AMAZON:

        (a.)    "YANG SHAO": who currently resides at or may have resided at the following address: 46710 Crawford Street., Apt. #18, Fremont, California, 94539.

        (b)     TROY JAMES NOWAK: who currently resides at or may have resided at the following address: 1127 Roycott Way, San Jose, California; (tel) 408-457-9615; (email): atari_32@hotmail.com.

        (c.)    "SOURCINGDIRECT" or "SOURCING DIRECT": the seller associated with AMAZON Sales Nos. "104-7733791-1055409" and "104-7526119-1877039", and which is/was associated with the following AMAZON store:

2

"http://www.amazon.com/gp/browse.html?ie=UTF8&marketplaceID=ATVPDKIKX0DE R&me=A8KHZS2FLYRJF".

(d.)     "GREATMALL": associated with ASIN B004S8F7QM, and which currently operates at or may have operated at Xie Qin Rong, Nanhaixiaozhu B4, Xinghua Road, Shekou, Nanshan District, Shenzhen, Guangdong, CN 518000.

(e.) "LOFTEK TECHNOLOGICAL CO. LLC" or "LOFTEK" or "LOFTK": associated with ASIN B004S8F7QM, and which currently operates at or may have operated at the following addresses: (1) 37458Glenmoor Drive, Fremont, California; or (2) 45 Brownlow Road, Wirral, Merseyside, GB CH62 1AU, and which is/was associated with the following AMAZON store:

"http://www.amazon.com/gp/browse.html?ie=UTF8&marketplaceID=ATVPDKIKX0DE R&me=A7XHMWMCZ9EID".

(f.)     "LOFTKEY TECHNOLOGICAL CO., LLC: which currently operates at or may have operated at 37600 Central Court, Suite 250H, Newark, California 94560.

(g.)     KRATONIX, INC.: which currently operates at or may have operated at 37458 Glenmoor Drive, Fremont, California; (tel): 510-818-1938; (domain): www.megapulseusa.com.

## INSTRUCTIONS

1.     YOU are required to produce not only those DOCUMENTS in your own possession, custody, and control, but also those reasonably available to YOU, including those within the possession, custody or control of attorneys, accountants, employees, agents and representatives acting on YOUR behalf or retained by YOU.

2.     DOCUMENTS are to be produced without masking, redacting, obliteration or alteration of any sort. All DOCUMENTS produced shall either be organized and labeled to correspond to the numbered paragraphs contained in this document request or produced as they are kept in the usual course of business.

7/9/13 (28961) #521638.2

3.      If YOU properly object to the production of any DOCUMENT (or portions of a DOCUMENT), please produce all remaining DOCUMENTS (or portions of them) called for by the request for production to which YOU do not object.

4.      If YOU claim that the attorney-client privilege, the attorney work product rule, or any other privilege is applicable to any DOCUMENT whose production is requested and which YOU are therefore withholding, in addition to producing any non-privileged portion of the DOCUMENT, YOU are required to set forth in YOUR written response the following information:

(a)     the general type of DOCUMENT, i.e., letter, memorandum, report, miscellaneous notes, etc.
(b)     the date;
(c)     each author;
(d)     each organization, if any, with which each author was then connected;
(e)     each addressee or recipient;
(f)     each other distributee thereof;
(g)     each organization, if any, with which each addressee, recipient or distributee was then connected;
(h)     a general summary of the subject matter;
(i)     the grounds for refusal to produce such document; and
(j)     the present location of each such document and each copy thereof known, including the title, index number and location, if any, of the file in which the document is kept or the file from which such document was removed, and the identity of each person responsible for the filing or other disposition of the DOCUMENT.

6.      Each DOCUMENT called for herein of which YOU have knowledge or information, but which is not in YOUR possession, custody or control, or reasonably available to YOU, shall be identified in the manner set forth in the preceding paragraph.

7.      Each request for production should be construed independently and not by reference to any other request for the purpose of limiting that request, except that identical DOCUMENTS need not be produced in response to more than one request.

8.      This request for production is a continuing request until the date of trial hereof to produce the DOCUMENTS requested herein. YOU are required to produce further

4

7/9/13 (28961) #521638.2

DOCUMENTS requested herein, if and when they are obtained after the date documents are produced, at a place and time to be agreed upon between counsel.

9.      DOCUMENTS, writings and other tangible things produced in response to this request will be inspected, number-stamped and xerographically or photographically reproduced by YOU and/or YOUR attorneys of record.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The following described documents, records, writings and/or things are to be produced as described herein.

1.      ALL DOCUMENTS RELATING TO the formation of any CAH-BRANDED GOODS SELLERS' sellers account on AMAZON, including account registration, seller profile, contact information, and supplied bank account information.

2.      All COMMUNICATIONS by and between YOU and any CAH-BRANDED GOODS SELLERS RELATING TO the formation of each CAH-BRANDED GOODS SELLERS' sellers account on AMAZON.

3.      ALL DOCUMENTS RELATING TO any "fulfillment by Amazon" arrangements between YOU and any CAH-BRANDED GOODS SELLERS, including agreements, terms and conditions, seller applications, and/or registration materials.

4.      All COMMUNICATIONS by and between YOU and any CAH-BRANDED GOODS SELLERS RELATING TO any "fulfillment by Amazon" arrangements between YOU and any CAH-BRANDED GOODS SELLERS.

5.      ALL DOCUMENTS identifying each CAH-BRANDED GOODS SELLERS' Amazon Standard Identification Number ("ASIN").

6.      ALL DOCUMENTS identifying the Internet Protocol address/es used to access each CAH-BRANDED GOODS SELLERS' sellers account on AMAZON.

7.      ALL DOCUMENTS RELATING TO the formation of any AMAZON Product Detail Pages by any CAH-BRANDED GOODS SELLERS, including but not

5

7/9/13 (28961) #521638.2

limited to, product information summaries RELATING TO CAH-BRANDED GOODS.

8. All COMMUNICATIONS by and between YOU and any CAH-BRANDED GOODS SELLERS RELATING TO the formation of any AMAZON Product Detail Pages by any CAH-BRANDED GOODS SELLERS RELATING TO CAH-BRANDED GOODS.

9. ALL DOCUMENTS RELATING TO the formation of any AMAZON Offer Listing Pages by any CAH-BRANDED GOODS SELLERS, including but not limited to, listing pages RELATING TO CAH-BRANDED GOODS.

10. All COMMUNICATIONS by and between YOU and any CAH-BRANDED GOODS SELLERS RELATING TO the formation of any AMAZON Offer Listing Pages by any CAH-BRANDED GOODS SELLERS RELATING TO CAH-BRANDED GOODS.

11. ALL DOCUMENTS RELATING TO any sales of CAH-BRANDED GOODS by any CAH-BRANDED GOODS SELLERS on AMAZON, including products sold with Barcode #X000DSPX4X.

12. All COMMUNICATIONS by and between YOU and any CAH-BRANDED GOODS SELLERS RELATING TO any sales of CAH-BRANDED GOODS on AMAZON by any CAH-BRANDED GOODS SELLERS, including products sold with Barcode #X000DSPX4X.

13. ALL DOCUMENTS identifying any Universal Product Code ("UPC") assigned to any CAH-BRANDED GOODS sold by any CAH-BRANDED GOODS SELLERS on AMAZON.

14. All COMMUNICATIONS by and between YOU and any CAH-BRANDED GOODS SELLERS RELATING TO any UPC assigned to any CAH-BRANDED GOODS sold by any CAH-BRANDED GOODS SELLERS on AMAZON.

6

15.     ALL DOCUMENTS identifying any European Article Number ("EAN") codes assigned to any CAH-BRANDED GOODS sold by any CAH-BRANDED GOODS SELLERS on AMAZON.

16.     All COMMUNICATIONS by and between YOU and any CAH-BRANDED GOODS SELLERS RELATING TO any EAN codes assigned to any CAH-BRANDED GOODS sold by any CAH-BRANDED GOODS SELLERS on AMAZON.

17.     ALL DOCUMENTS identifying any Stock Keeping Unit ("SKU") codes assigned to any CAH-BRANDED GOODS sold by any CAH-BRANDED GOODS SELLERS on AMAZON.

18.     All COMMUNICATIONS by and between YOU and any CAH-BRANDED GOODS SELLERS RELATING TO any SKU codes assigned to any CAH-BRANDED GOODS sold by any CAH-BRANDED GOODS SELLERS on AMAZON.

19.     All billing records maintained by YOU RELATING TO the sale of CAH-BRANDED GOODS on AMAZON by any CAH-BRANDED GOODS SELLERS, including but not limited to, the following CAH-BRANDED card sets: (1) "Cards Against Humanity"; (2) "Cards Against Humanity: First Expansion"; (3) "Cards Against Humanity: Second Expansion"; (4) "Cards Against Humanity, version 1.1"; (5) "Cards Against Humanity, version 1.2"; and (6) "Cards Against Humanity, version 1.3."

20.     ALL DOCUMENTS identifying each specific category of CAH-BRANDED GOODS sold on AMAZON by any CAH-BRANDED GOODS SELLERS, including but not limited to, the following CAH-BRANDED card sets: (1) "Cards Against Humanity"; (2) "Cards Against Humanity: First Expansion"; (3) "Cards Against Humanity: Second Expansion"; (4) "Cards Against Humanity, version

7

1.1"; (5) "Cards Against Humanity, version 1.2"; and (6) "Cards Against Humanity, version 1.3."

21.  ALL DOCUMENTS identifying the total number of units of each specific category of CAH-BRANDED GOODS sold on AMAZON by any CAH-BRANDED GOODS SELLERS, including but not limited to, the following CAH-BRANDED card sets: (1) "Cards Against Humanity"; (2) "Cards Against Humanity: First Expansion"; (3) "Cards Against Humanity: Second Expansion"; (4) "Cards Against Humanity, version 1.1"; (5) "Cards Against Humanity, version 1.2"; and (6) "Cards Against Humanity, version 1.3."

22.  ALL DOCUMENTS identifying the selling price for each CAH-BRANDED GOOD sold on AMAZON by any CAH-BRANDED GOODS SELLERS, including but not limited to, the following CAH-BRANDED card sets: (1) "Cards Against Humanity"; (2) "Cards Against Humanity: First Expansion"; (3) "Cards Against Humanity: Second Expansion"; (4) "Cards Against Humanity, version 1.1"; (5) "Cards Against Humanity, version 1.2"; and (6) "Cards Against Humanity, version 1.3."

23.  ALL DOCUMENTS identifying the date of sale for each CAH-BRANDED GOOD sold on AMAZON by any CAH-BRANDED GOODS SELLERS, including but not limited to, the following CAH-BRANDED card sets: (1) "Cards Against Humanity"; (2) "Cards Against Humanity: First Expansion"; (3) "Cards Against Humanity: Second Expansion"; (4) "Cards Against Humanity, version 1.1"; (5) "Cards Against Humanity, version 1.2"; and (6) "Cards Against Humanity, version 1.3."

24.  ALL DOCUMENTS RELATING TO any inventory in YOUR care custody and/or possession of CAH-BRANDED GOODS sold on AMAZON by any CAH-BRANDED GOODS SELLERS, including but not limited to, the following CAH-BRANDED card sets: (1) "Cards Against Humanity"; (2) "Cards Against

8

Humanity: First Expansion"; (3) "Cards Against Humanity: Second Expansion";
(4) "Cards Against Humanity, version 1.1"; (5) "Cards Against Humanity, version
1.2"; and (6) "Cards Against Humanity, version 1.3," including but not limited to
documents specifying the quantity of goods in inventory and the location of such
inventory.

25. ALL DOCUMENTS identifying total annual sales proceeds realized by any
CAH-BRANDED GOODS SELLERS resulting from the sale of CAH-
BRANDED GOODS on AMAZON from 2010 to the present.

26. ALL DOCUMENTS identifying each customer to whom any CAH-BRANDED
GOODS SELLERS has sold CAH-BRANDED GOODS on AMAZON (from
2010 to the present), including customer name and shipping address.

27. ALL COMMUNICATIONS between any CAH-BRANDED GOODS SELLERS
and any customers purchasing CAH-BRANDED GOODS on AMAZON from
any CAH-BRANDED GOODS SELLERS through any AMAZON marketplace
communications portal.

28. ALL DOCUMENTS RELATING TO any customer returns of CAH-BRANDED
GOODS sold by any CAH-BRANDED GOODS SELLERS on AMAZON.

29. All COMMUNICATIONS by and between YOU and any CAH-BRANDED
GOODS SELLERS RELATING TO any customer returns of CAH-BRANDED
GOODS sold by any CAH-BRANDED GOODS SELLERS on AMAZON.

30. All COMMUNICATIONS by and between YOU and any third parties
RELATING TO any customer returns of CAH-BRANDED GOODS sold by any
CAH-BRANDED GOODS SELLERS on AMAZON.

31. ALL DOCUMENTS quantifying the total number of customer returns of CAH-
BRANDED GOODS sold by any CAH-BRANDED GOODS SELLERS on
AMAZON.

7/9/13 (28961) #521638.2

32.   ALL DOCUMENTS RELATING TO any customer complaints about CAH-BRANDED GOODS sold by any CAH-BRANDED GOODS SELLERS on AMAZON.

33.   All COMMUNICATIONS by and between YOU and any CAH-BRANDED GOODS SELLERS RELATING TO any customer complaints about CAH-BRANDED GOODS sold by any CAH-BRANDED GOODS SELLERS on AMAZON.

34.   All COMMUNICATIONS by and between YOU and any third parties RELATING TO any customer complaints about CAH-BRANDED GOODS sold by any CAH-BRANDED GOODS SELLERS on AMAZON.

35.   ALL DOCUMENTS RELATING TO the sale of counterfeit CAH-BRANDED GOODS by any CAH-BRANDED GOODS SELLERS on AMAZON.

36.   All COMMUNICATIONS by and between YOU and any CAH-BRANDED GOODS SELLERS RELATING TO the sale of counterfeit CAH-BRANDED GOODS by any CAH-BRANDED GOODS SELLERS on AMAZON.

37.   All COMMUNICATIONS by and between YOU and any third parties RELATING TO the sale of counterfeit CAH-BRANDED GOODS by any CAH-BRANDED GOODS SELLERS on AMAZON.

38.   All COMMUNICATIONS by and between YOU and any CAH-BRANDED GOODS SELLERS occurring between January 1, 2010 and the present.

39.   All COMMUNICATIONS received by YOU from email address "everbuy.cs.gmail.com" between January 1, 2010 and the present.

40.   All COMMUNICATIONS transmitted by YOU to email address "everbuy.cs.gmail.com" between January 1, 2010 and the present.

10

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV 13-0727 YGR

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkFlow.com